## In re Anonymous No. 42 D.B. 77

Disciplinary Board Docket no. 42 D.B. 77

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

SCHIAVO, *Board Member,* January 17, 1979—Pursuant to Rules 218(c)(5) and 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above petition for reinstatement.

### I. HISTORY OF PROCEEDINGS

On November 2, 1977, on the petition of the disciplinary board of the Supreme Court of Pennsylvania, in which the present petitioner for reinstatement joined, the Supreme Court of Pennsylvania ordered that said petitioner be forthwith transferred to inactive status in all the courts of Pennsylvania until further order of the Supreme Court. Five complaints were pending against said petitioner at the time; these involved his failure to take steps to advance the legitimate interests of his

clients and neglect of legal matters entrusted to him. On March 29, 1978, petitioner petitioned the Supreme Court of Pennsylvania for reinstatement under the provisions of Rule 301 of the Pennsylvania Rules of Disciplinary Enforcement.

Said petition for reinstatement was referred to hearing committee [   ], which on November 6, 1978, and following a hearing on the matter, recommended that petitioner be reinstated to active status under Rule 301 of the Pennsylvania Rules of Disciplinary Enforcement. The recommendation followed several findings of fact and conclusions of law by the hearing committee to the extent that on the date of the hearing there were no unresolved complaints against petitioner, that he had proven by clear and convincing evidence that his prior disability of active chronic alcoholism, which led to his being transferred to inactive status, no longer existed and that he has met all requirements for reinstatement and is fit to resume the practice of law.

The case for reinstatement was brought before the disciplinary board of the Supreme Court of Pennsylvania on December 9, 1978, and said board decided the petitioner should be reinstated.

## II. DISCUSSION

Petitioner has successfully completed inpatient and outpatient alcoholism treatment at the Drug Rehabilitation Center in [   ], Pa., [   ] Farms in [   ], Pa., and [   ], Inc. of [   ], Maryland, a half-way house. Important in all of this is the fact that petitioner as early as 1977 recognized his chronic alcoholism, attempted to do something about it and did something about it.

A review of the testimony elicited before the hearing committee revealed very salient and satisfactory facts, that is, petitioner has not consumed any alcoholic beverages since his treatment and has satisfactorily engaged in paralegal work over an extended period of time with a law firm which indicated a definite willingness to employ him as an attorney, thereby attesting to his competence and integrity. There was no testimony to contradict this in any part. In addition it was clearly proven that all of the complaints against petitioner had been satisfactorily disposed of, and petitioner had also made restitution (of legal fees paid) to these complainants, former clients of his.

On the basis of the foregoing the disciplinary board finds that petitioner has met all of the requirements for reinstatement to active status.

## III. RECOMMENDATION

The disciplinary board recommends to your honorable court that the said petition for reinstatement be granted and that your honorable court direct that the necessary expenses incurred by the board in the investigation and processing of the petition for reinstatement be paid by said petitioner for reinstatement.

Messrs. Reath and McDonnell were absent and did not participate in the adjudication.

## ORDER

And now, February 1, 1979, it appearing that [petitioner], Esq., has met all of the requirements for reinstatement to active status, the recommendation of the Disciplinary Board of the Supreme Court dated January 17, 1979, on petition for

reinstatement to active status is accepted; and it is ordered that [petitioner], Esq., be reinstated to active status in the Supreme Court and all the courts under its supervisory jurisdiction, on condition that he pay the necessary expenses incurred in investigation and processing the petition for reinstatement.